**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. Bank National Association, as Trustee for the Certificateholders of Harborview Mortgage Loan Trust 2005–08, Mortgage Loan Pass-through Certificates, Series 2005–08, | Case No.: 2:21-cv-0453-JAD-NJK |
| Plaintiff | **Order Remanding Case to State Court** |
| v. | [ECF No. 25] |
| Fidelity National Title Group, Inc., et al., | |
| Defendants | |

Nevada's 2008 housing crash kindled thousands of quiet-title lawsuits between the homeowner associations that foreclosed on homes when the homeowner stopped paying assessments, the banks that held the first-trust deeds on those homes, and the investors who snapped those homes up at bargain-basement prices. Having consumed the state and federal courts for more than half a decade now, those cases have all but burned out. But a phoenix has risen from their embers: the banks now sue the title insurers that issued policies when the mortgages were originated for failing to defend them in those quiet-title suits and cover their losses.

This removed action is one of those coverage suits. Though U.S. Bank filed it in state court against forum and non-forum defendants, Defendant Chicago Title Insurance Company removed this case before any defendant, including itself, had been served with process and despite a forum defendant whose existence should have precluded removal. The propriety of this practice—termed "snap removal"—is an issue that has divided the courts. The bank challenges

1   this practice in its motion for remand.  Because I find that the removal here was improper, I grant

2   the bank's motion for remand.

3                                  **Discussion**

4   **I.**        **Legal standard**

5        28 U.S.C. § 1441(a) authorizes defendants to remove to federal court "any civil action

6   brought in a State court of which the [U.S. District Courts] have original jurisdiction . . . ."  But

7   "[f]ederal courts are courts of limited jurisdiction."[1]  So defendants seeking removal jurisdiction

8   "always have the burden of establishing that removal is proper."[2]  This is a heavy burden to carry

9   because there is a "strong presumption against removal jurisdiction[,]" the removal statute is

10   "strictly construe[d] against removal jurisdiction[,]" and "[f]ederal jurisdiction must be rejected

11   if there is any doubt as to the right of removal in the first instance."[3]

12   **II.**       **Analysis**

13        Chicago Title Insurance Company (Chicago Title) removed this case on diversity-

14   jurisdiction grounds.[4]  Congress has created a limitation to diversity-based removal jurisdiction.

15   28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of

16   [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and

17   served as defendants is a citizen of the State in which such action is brought."  This limitation is

18   called the forum-defendant rule, which is a "procedural, or non-jurisdictional, rule."[5]

19

20

---

21   [1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

22   [2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
     [3] *Id.*

23   [4] ECF No. 1 at 2 (removal petition).

     [5] *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).

In an effort to evade the forum-defendant rule, Chicago Title removed this case before any defendant had been served with process.  The bank moves for remand, arguing that the snap-removal practice violates the forum-defendant rule, which applies here because one of the named defendants, Chicago Title Agency of Nevada, Inc. (Chicago Nevada), is a Nevada citizen.[6] Chicago Title argues in response that removing before any defendant has been served to defeat the forum-defendant rule is a permissible practice and, regardless, the forum-defendant rule does not apply because Chicago Nevada is a fraudulently joined defendant.[7]  I begin with the issue of fraudulent joinder.

### A.    Chicago Nevada is not a fraudulently joined defendant.

Fraudulent joinder can be established two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[8]  Chicago Title relies on the second way, arguing that the bank sued Chicago Nevada only to defeat removal on diversity grounds and cannot state a claim against it. "Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory."[9]  "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."[10]

---

[6] ECF No. 25.

[7] ECF No. 26.

[8] *Grancare, LLC v. Thrower, by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)) (internal quotation marks omitted).

[9] *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)) (internal quotation marks omitted).

[10] *Id.* (quoting *Hunter*, 582 F.3d at 1046) (internal quotation marks omitted).

1  . . . ."[18]  The bank further alleges that "Chicago Nevada issued and Chicago Title underwrote"

2  the policy "with the belief that it would provide coverage if the Deed of Trust was impaired or

3  extinguished,"[19] Chicago Nevada's "underwriting manuals, bulletins, and endorsement guides"

4  all indicated that such coverage would be provided,[20] and "Chicago Nevada knew or had reason

5  to know that" the policy was purchased with that reasonable expectation.[21]  A state court may

6  find that these allegations state a claim for breach of the implied covenant of good faith and fair

7  dealing.[22]

8         Based on this record and Nevada's lenient notice-pleading standard,[23] Chicago Title has

9  not established that there is no possibility that a Nevada state court would find that this complaint

10  states a claim against Chicago Nevada.  Because Chicago Title has not shown that forum

11  defendant Chicago Nevada was fraudulently joined, § 1441(b)(2) applies and I proceed to

12  determine if Chicago Title's snap removal was proper.

13

14

15

16

---

17  [18] *Id*. at ¶ 88.

18  [19] *Id*. at ¶ 98.

   [20] *Id*. at ¶ 97.

19  [21] *Id*. at ¶¶ 99–100.

20  [22] *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991) (holding
   that elements of contractual bad-faith claim are established "[w]hen one party performs a
21  contract in a manner that is unfaithful to the purpose of the contract and the justified expectations
   of the other party are thus denied, damages may be awarded against the party who does not act in
22  good faith.").

23  [23] *See Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670, 672 (Nev. 2008) (explaining
   Nevada's liberal, notice-pleading standard); Nev. R. Civ. P. 12(b)(5).

**B.      Chicago Title's snap removal was improper under 28 U.S.C. § 1441(b)(2).**

Chicago Title argues that snap removal is a permissible practice and a valid means to avoid the forum-defendant rule.[24]  It points out that "every appellate jurist to consider the issue" has concluded that the plain language of § 1441(b)(2) is unambiguous and permits snap removal[25] but acknowledges that the Ninth Circuit has not yet done so.[26]  Recognizing that I— and all judges in this district (except for one) to have considered its removals in dozens of nearly identical suits—have repeatedly held that this practice is impermissible, Chicago Title urges me to reconsider and reverse my view.[27]  The bank, on the other hand, contends that the interpretation that Chicago Title and its authorities offer cuts against the statute's language and purpose of preserving the plaintiff's choice of a state forum when at least one defendant is a citizen of that state.[28]  The bank adds that each of the authorities that Chicago Title cites is materially distinguishable and that nearly all judges in this district have overwhelmingly rebuffed Chicago Title's snap removal tactics.[29]

When interpreting federal statutes, "the starting point in discerning congressional intent is the existing statutory text . . . ."[30]  "It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—

---

[24] ECF No. 26.

[25] *Id.* at 7–10 (citing, e.g., *Texas Brine Co., LLC v. Am. Arb. Ass'n*, 955 F.3d 482 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001)).

[26] *Id.* at 7.

[27] *Id.* at 1.

[28] ECF No. 25 at 9–12.

[29] ECF No. 28 at 2–7.

[30] *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004).

is to enforce it according to its terms."[31]  Courts are required to "presume that the legislature says in a statute what it means and means in a statute what it says there."[32]

The appellate courts that have determined that § 1141(b)(2)'s "plain language allows snap removal" before any defendant has been served did so by focusing on the "properly joined and served" phrase in the statute.[33]  But not all courts agree with that interpretation.  The "[d]istrict courts are split as to whether snap removals are appropriate," and "[t]here is ongoing debate on whether there is a trend in favor or against" the practice.[34]  Heavily cited in the against-it camp is U.S. District Judge Woodlock's decision in *Gentile v. Biogen Idec, Inc.*, concluding that "the plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected."[35]  Judge Woodlock reached that conclusion by grammatically parsing the statute in its current and historical forms.[36]  The statute now precludes removal "'if any of the parties in interest properly joined and served as defendants' is a forum defendant."[37]  "'Any[]' . . . means 'one or more indiscriminately from all those of a kind[,]'"[38]

---

[31] *Id.* (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)) (internal quotation marks omitted).

[32] *Bedroc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (cleaned up).

[33] *Texas Brine Co.*, 955 F.3d at 486; *accord Gibbons*, 919 F.3d at 705 ("The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been "*properly* joined and *served*."); *Encompass Ins. Co.*, 902 F.3d at 152 (finding that the plain language of § 1441(b)(2) unambiguously "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served").

[34] *Spreitzer Props., LLC v. Travelers Corp.*, 2022 WL 1137091, at *6 & n.3 (N.D. Iowa Apr. 18, 2022) (collecting cases).

[35] *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316, 318–19 (D. Mass. 2013) (quoting 28 U.S.C. § 1441(b) (2002)).

[36] *Id.* at 316 n.2 & 318.

[37] *Id.* at 318.

[38] *Id.* (quoting *Webster's Third New Intern. Dictionary* 1536 (3d. ed. 1986)).

1 and "[i]nherent in the definition is some number of the 'kind' from which the 'one or more' can

2 be drawn."[39]  "Thus the lack of a party properly joined and served . . . means that . . . [a] basic

3 assumption embedded in the statute—that a party in interest had been served prior to removal—

4 has not been met."[40]  This interpretation bars snap removals.

5         Chicago Title insists that *Gentile* should be rejected in favor of the circuit rulings that

6 approve of this tactic.[41]  It also argues that the First Circuit's 2015 decision in *Novak v. Bank of*

7 *New York Mellon Trust*[42] demonstrates that this 2013 decision by Judge Woodlock, a judge

8 within the First Circuit, was wrongly decided.[43]  But *Novak* addressed only the general question

9 of "whether a defendant may seek to remove a state-court action to federal court before being

10 formally served"; it did not grapple with the more specific issue of a non-forum defendant's snap

11 removal in a diversity case with a forum codefendant.[44]  And after carefully considering the

12 parties' authorities, I agree with the vast majority of the judges in this district that Judge

13 Woodlock's interpretation "is the most cogent."[45]  Not only does it make grammatical sense, it is

14

15

16

---

17 [39] *Id.*

18 [40] *Id*.

  [41] ECF No. 26 at 6–9.

19 [42] *Novak v. Bank of New York Mellon Tr.*, 783 F.3d 910 (1st Cir. 2015).

20 [43] ECF No. 26 at 5.

  [44] *See Novak*, 783 F.3d at 911.

21 [45] *Deutsche Bank Nat'l Tr. Co. v. Chicago Title Nat'l Title Grpo, Inc.*, 2020 WL 7360680, at *3

22 (D. Nev. Dec. 14, 2020); *accord Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1013 (D. Nev. 2021) (lauding *Gentile* as "[o]ne of the most clear and

23 influential explanations of this view"); *Carrington Mortg. Servs., LLC v. Ticor Title Nevada, Inc.*, 2020 WL 3892786, at *3 (D. Nev. July 10, 2020); *see also* ECF No. 25 at 2 n.2 (collecting cases).

the interpretation most true to other canons of construction, the statute's purpose, and legislative intent.[46]

As Judge Woodlock reasoned, "[t]he removal power, and by extension the forum[-] defendant rule, is founded on the basic premise behind diversity jurisdiction itself"— "protect[ing] non-forum litigants from possible state court bias in favor of forum-state litigants."[47]  But forum defendants do not suffer this bias and therefore do not need protection from it.  And the presence of a forum defendant presumably mitigates concerns of state-court bias toward the plaintiff.  So the forum-defendant "rule provides some measure of protection for a plaintiff's choice of forum" in certain circumstances.[48]  "[W]hen the overarching concerns about local bias against the defendant" are absent, the rule allows "a plaintiff to move for a remand of the case to the state court . . . ."[49]

Courts agree that § 1441(b)'s legislative history does not explain why "properly joined and served" was added to the statute.[50]  "Supreme Court jurisprudence at the time of the 1948 revision . . . suggests"[51] that this language was added to prevent the gamesmanship of a plaintiff "blocking removal by joining as a defendant a resident party against whom it does not intend to

---

[46] *See Moran v. Screening Pros, LLC*, 943 F.3d 1175, 1183 (9th Cir. 2019) ("If the language is ambiguous, we look to canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent." (quotation omitted)).  To the extent that the Ninth circuit's affirmance of this holding would create a circuit split, these are "compelling reason[s]" to do so.  *See Kelton Arms Condo. Owners Ass'n*, 346 F.3d 1190, 1192 (9th Cir. 2003) (cited by Chicago Title at ECF No. 26 at 7–8).

[47] *Gentile*, 934 F. Supp. 2d at 319 (Judge Woodlock dove into the removal statute's history and purpose "for completeness of [his] explanation"); *accord Lively*, 456 F.3d at 940.

[48] *Gentile*, 934 F. Supp. 2d at 319.

[49] *Id.*

[50] *See, e.g., id.* at 319–20; *Encompass Ins. Co.*, 902 F.3d at 153.

[51] *Gentile*, 934 F. Supp. 2d at 319–20.

1 | proceed, and whom it does not even serve."[52]  But with the advent of electronic dockets,

2 | sophisticated, monied, or hyper-vigilant defendants are monitoring court filings and removing

3 | before any defendant has been served, with the goal of eluding the forum-defendant rule.

4 | Congress would not have intended to prevent plaintiffs' removal-defeating games by creating a

5 | means for defendants to leapfrog over the forum-defendant rule.

6 |       The removal statute's purpose is better fostered by precluding removal until at least one

7 | defendant has been served.  That way "plaintiffs legitimately seeking to join a forum defendant

8 | face the modest burden of serving that defendant before any others."[53]  A plaintiff who "serves a

9 | non-forum defendant before serving a forum" one "has effectively chosen to waive an objection

10 | to removal by a nimble non-forum defendant who thereafter removes the case" before it can be

11 | served.[54]  And the non-forum defendant can still argue that the forum defendant was fraudulently

12 | joined.[55]  This interpretation is faithful to the removal statute's entire purpose and consistent

13 | with its plain language, and I adopt it.  Applying this interpretation, I conclude that Chicago

14 | Title's removal was premature because it occurred before any defendant had been served.  I

15 | therefore remand this case back to state court.

16

17

18

19

20

21

---

[52] *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003).

[53] *Gentile*, 934 F. Supp. 2d at 322.

[54] *Id.*

[55] *Id.* at 322–23.

**Conclusion**

IT IS THEREFORE ORDERED that the bank's renewed motion for remand **[ECF No. 25] is GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **REMAND this action back to the Eighth Judicial District Court for Clark County, Nevada, Department 13, Case No. A-21-831367-C**, and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
May 24, 2022

11